### BANTJO v. CLARK.

(Supreme Court, Appellate Term.   May 5, 1904.)

1. LANDLORD AND TENANT—NOTICE TO QUIT—WAIVER—INTENTION.
   Whether a demand for rent made after the giving of a notice to quit
   is a waiver of the landlord's rights under the notice is, in summary pro-
   ceedings to oust the tenant, a question of intention, to be determined by
   the trial court.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Summary proceedings by William Bantjo, as trustee, etc., landlord, against George W. Clark, tenant. From a final order for the landlord, the tenant appeals. Affirmed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

H. Huffman Browne, for appellant.

Elmer E. Cooley, for respondent.

GREENBAUM, J. The facts show that the appellant was a tenant at will, and appellant's counsel concedes that the 30-days notice served upon his client would effect a termination of the tenancy on the date therein fixed. The petition and proofs amply justified the granting of an order awarding possession of the premises to the landlord for a holding over beyond the tenant's term. Appellant claims, however, that the proceedings were not maintainable, because they were brought on two inconsistent grounds—the one for a holding over, the other for nonpayment of rent. It is true that the petition contains a number of allegations relating to the failure of the tenant to pay rent, but they were superfluous, and may well be treated as surplusage. As to whether or not the subsequent demand for rent was a waiver of the landlord's rights under the notice to quit was a question of intention, to be determined by the court below, and his finding in that respect should not be disturbed.

The order in summary proceedings is affirmed, with costs. All concur.